## Case No. 8,709.

### McCOMB v. CREDIT MOBILIER et al.

[5 Reporter, 390; [1] 35 Leg. Int. 29; 13 Phila. 468; 5 Wkly. Notes Cas. 80; 24 Int. Rev. Rec. 223; 25 Pittsb. Leg. J. 188.]

Circuit Court, E. D. Pennsylvania. Jan. 8, 1878.

CORPORATIONS—SHARES—SALE TO ALLEGED AGENT—PAYMENT BY DRAFT ON PURCHASER—REFUSAL TO ACCEPT DRAFT — SHARES NOT DELIVERED—CONTRACT.

The sale of the shares of a corporation by the officers thereof to an alleged agent, and the receipt of a draft from him, for the purchase-money, on the alleged purchaser, is a sale for cash. And the refusal of the alleged purchaser to pay the draft, the shares not having been delivered, ends any claim of the alleged purchaser, or of the alleged agent, on or for the shares.

In equity. The bill set forth that in March, 1866, the complainant [Henry S.] McComb agreed with Crane, the treasurer of the Credit Mobilier, to take two hundred and fifty shares of the capital stock of the corporation, and draw for that amount on Fant, for whom the shares were taken. Fant declined paying the draft and taking the stock. McComb then agreed to take up the draft, and Fant transferred his right to the stock to him. McComb tendered $25,000, the agreed price of the shares in May, 1866, but refused to allow Crane to have the money, unless he would then issue him a certificate. Crane offered a receipt, and promised a certificate on the return of the president, who was then

---

[2] [From 5 Fish. Pat. Cas. 384.]

[1] [Reprinted from 5 Reporter, 390, by permission.]

in Omaha. McComb refused to pay on these terms. In June, 1866, the entry of the receipt of the $25,000 for the stock by the draft on Fant was cancelled by a cross entry. The bill prayed that the stock should be issued to McComb with all dividends paid in the interval. Under the ruling of the court, the only material point on the present hearing was whether an ownership of shares by contract was shown.

Jas. E. Gowen and Jeremiah S. Black, for complainant.

The contract passed the title. The books showed that the draft on Fant was accepted as payment. While the stock was below par the plaintiff was given no reason to suppose his right would be denied, and the remedy of the company was to sue on the draft.

R. E. McMurtrie, contra.

The contract was for cash, the draft being taken as cash. When that was returned unpaid—no shares having been issued—the situation of the parties was precisely that of a seller for cash who receives a check on a bank where there are no funds, and the goods have not been delivered. The purchaser cannot keep the seller forever in the position of one who retains goods, as security for the price. The act of the company in cancelling the credit by the cross entry in June, 1866, showed they had abandoned the contract. After that the position of McComb was that of any other buyer for cash, where nothing had been paid and no delivery made. No title ever passed. It was merely contractual, and that ended by the neglect to pay within a reasonable time.

McKENNAN, Circuit Judge. The Credit Mobilier of America is a corporation established by the laws of the state of Pennsylvania, and its officers, who represented it in the transaction upon which the complainant founds his title to relief, appear to have been authorized to receive subscriptions to its capital stock, and to issue such stock to subscribers on payment of its par value in cash, and they may have had incidental authority to allow a reasonable time for such payment. But they had no power to give an indefinite extension of credit, and the complainant could not by any arrangement or combination with them obtain it. Dealing with the ministerial officers of a corporation touching a subject over which they had only such control as was clearly conceded to them, it was his duty to inquire into the source and extent of their authority, and he is, therefore, chargeable with knowledge of its limitations, and of the necessary conditions under which they could bind their constituent. Upon the admitted facts in the case, there was no payment or authorized waiver of payment of the stock for which the complainant seeks to make the defendants accountable. He did not, therefore, acquire any title to the stock.

This view of the case renders it unnecessary to consider whether the complainant's inaction, or imputed acts of disclaimer on his part, or his alleged assent to other dispositions of the stock, may have induced or sanctioned the issue of the stock of the whole capital to other persons, so that it would be against equity to sustain his present contention. Irrespective of these considerations, the court is of opinion that he is not entitled to relief, and his bill is therefore dismissed with costs..